**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-112-HRW

BRYAN A. REEVES                                                              PLAINTIFF

VS.                           **MEMORANDUM OPINION AND ORDER**

TINA RATLIFF, ET AL.                                                      DEFENDANTS

This is a non-prisoner, fee-paid, *pro se*, 42 U.S.C. §1983 civil rights complaint.

COMPLAINT

The plaintiff complains, generally, that the defendants: (1) seized his twin sons and placed them in foster care; (2) "failed and refused to assist the Plaintiff to establish paternity as they were required to do by [unspecified] applicable state law"; (3) refused to allow the plaintiff visitation with the children; and (4) refused to have the twins circumcised.

DEFENDANTS

The named defendants are the "Cabinet for Health and Family Resources an agency of the Commonwealth of Kentucky" and Cabinet employee/case worker Tina Ratliff. Ratliff is named in both her individual and official capacities.

RELIEF

The plaintiff seeks damages.

FACTUAL ALLEGATIONS

On or about March 14, 2002, Tabitha Justice gave birth to twin sons, Cody Matthew Reeves

1

and Cory Franklin Reeves, at King's Daughter's Medical Center in Ashland, Kentucky.  Both Cody and Cory allegedly are the plaintiff's sons.  On or about March 18, 2002, the twins were "seized" and placed into foster care where they remained until April of 2005.  The plaintiff was not permitted to visit the twins while they were in foster care.

At an unspecified time, the defendants "failed and refused" to assist the plaintiff to establish paternity, as they allegedly were required to do pursuant to unspecified "applicable state law."

<u>INSUFFICIENCY OF PLEADINGS</u>

The pleadings are not sufficient to state a claim under 42 U.S.C. §1983, despite the liberal review afforded to *pro se* pleadings.  *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *see Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001); *see also Fernandez-Santana*, 202 F.3d 268, 1999 WL 1281781 (6th Cir. (Ky.) Dec. 27, 1999) (unpublished disposition).  Consequently, this action is subject to dismissal.  *Id.*

A *pro se* complaint should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims.  *See e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, Federal Rule of Civil Procedure 8 imposes limits on the degree of  "less stringency" or liberality which is required.  The plaintiff's complaint does not meet the standards of Fed.R.Civ.P. 8 and, thus, it must be dismissed.  *Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.

1987); *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct. 193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.,* 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

Though the plaintiff attempts to invoke 42 U.S.C. §1983 jurisdiction, he has failed to set forth what, if any, provisions of the United States Constitution he deems to have been violated.  The plaintiff has not evoked §1983 jurisdiction.   His complaint does not meet the standards of Fed.R.Civ.P. 8.   "[I]n the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'"  *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas, Sept. 19, 2000) (citing *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)).   When a court cannot fully determine the nature of a plaintiff's claims without resorting to improper speculation and the confusing nature of the claims would force the defendants to speculate as to the nature of the claims, thus handicapping the defendants and effectively making them unable to fairly defend the lawsuit, the complaint should be dismissed without prejudice and the plaintiff may be permitted to re-file the lawsuit, if appropriate.  *Boswell*, 138 F.Supp. at 785 (citing *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982));  *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000).  A district court need only draft a few sentences explaining the deficiencies in a complaint and should not have to act as an advocate for the *pro se* litigant in deciphering the complaint so as to make it possible for the

defendants to respond appropriately. *Id.* at *650 (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)). Judges are not required to construct a party's legal arguments for him. *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995). An action may be dismissed without prejudice pursuant to Rules 8(a)(2) and 8(e)(1) because the court is "not required to strain to find favorable inferences that are not apparent on the face of the complaint." *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997). In light of the state of the pleadings submitted by the plaintiff, it is appropriate that this action be dismissed without prejudice for the plaintiff having violated Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1).

## ELEVENTH AMENDMENT IMMUNITY

The defendant state agency, the Cabinet for Health and Family Services, and Cabinet employee/case worker Tina Ratliff are entitled to Eleventh Amendment immunity insofar as they have been sued in their official capacities for damages. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974); *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997).

## PERSONAL INVOLVEMENT AND PROXIMATE CAUSE

The plaintiff names Tina Ratliff as a defendant. The plaintiff, however, has not pled nor established with any degree of specificity that Ratliff had any personal involvement in any of the complained-of actions. The plaintiff did not make any individual allegations as to the conduct of Ratliff and failed to allege how Ratliff's conduct caused him to be deprived of any constitutional right. *See Thompson, et al. v. County of Medina, Ohio, et al.*, 29 F.3d 238 (6th Cir. 1994); *see also Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) (per curiam), *cert. denied*, 502 U.S. 1032, 112 S.Ct. 872 (1992). "[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cty. Fiscal Ct., et al.*, 22 F.3d

4

653, 659 (6th Cir. 1994) (citing *Doe v. Sullivan County, Tennessee*, 956 F.2d 545, 550 (6th Cir. 1992), *cert. denied*, 113 S.Ct. 187 (1992); *see also Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 305-308 (1986)).   When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable section 1983 claim.   *Horn* at 659 (citing *Sullivan County, supra*, 956 F.2d at 550).   "When monetary damages are sought under section 1983 . . . a showing of some personal responsibility of the defendant is required."   *Johnson v. Glick*, 481 F.2d 1028, 1034 (2nd Cir. 1973).   A plaintiff must prove that a particular defendant was personally involved in the deprivation of his rights.   *Id.* Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.   A plaintiff must demonstrate that the defendant proximately caused his alleged injuries.   *White v. Gerbitz*, 892 F.2d 457, 463 (6th Cir. 1989).   A 42 U.S.C. §1983 complaint must allege that specific conduct by the defendant was the proximate cause of the §1983 injury.   *King v. Massareh*, 782 F.2d 825, 829 (9th Cir. 1986).

When a complaint merely lists multiple defendants and then describes the facts generally without naming the specific defendants involved in each event and without setting forth with particularity which acts by each defendant caused each constitutional deprivation, the complaint is insufficient.   *See Id.*   "Congress did not intend §1983 liability to attach where causation is absent." *Deaton, et al. v. Montgomery Cty., et al.*, 989 F.2d 885, 889 (6th Cir. 1993).   To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged."   *Id.*   There is no §1983 liability where the actions of one private individual leading to the injury or death of another individual are too remote from the allegedly wrongful state action.   *Gazette v. City of Pontiac, et al.*, 41 F.3d 1061 (6th Cir. 1994).   *See*

*also Janan v. Trammel*, 785 F.2d 557, 559 (discussing *Martinez v. California*, 444 U.S. 277, 285 (1980)); and *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989).

As the plaintiff has merely set forth a list of allegedly egregious acts and, thereafter, names a state agency and an employee of that agency as defendants without ever having specifically linked the particular employee to any one complained-of action, the plaintiff has not sufficiently pled this action for it to go forward against the named employee. Consequently, this action may not go forward against Tina Ratliff in her individual capacity.

<u>STATUTE OF LIMITATIONS</u>

The plaintiff has insufficiently plead the significant dates of the complained-of events. Though the plaintiff gives the dates of the twins' birth (March 14, 2002) and the date upon which the Cabinet allegedly "seized" the twins (March 18, 2002) he fails to set forth when, if ever, he engaged the defendants to: (1) profess his paternity; (2) establish his paternity; (3) be permitted visitation; and (4) have the twins circumcised.

The statute of limitations for civil rights actions arising in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140(1)(a)). A cause of action accrues and the statute of limitations begins to run when a plaintiff knew or had reason to know of the injury upon which his claim is based. *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). Because the plaintiff did not plead or set forth in his complaint the dates upon which the complained-of actions took place or the dates upon which he knew or had reason to know of the alleged injuries, it cannot be determined whether the plaintiff has filed a timely complaint or whether this action is subject to dismissal for having been filed more than

6

one year after the complained-of event.  Consequently, this action is insufficiently pled to go forward as, in this respect, again, the pleadings are not in compliance with Fed.R.Civ.P. 8.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This July 21, 2005.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

7